```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FELIX ORIAKHI, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-264 (JBS) |
| v. | |
| BUREAU OF PRISONS, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Plaintiff's motion seeking relief pursuant to Rule 60(b)(2) and (6), Fed. R. Civ. P., from the Court's Order granting Defendants' motion for summary judgment [Docket Item 29].  THIS COURT FINDS AS FOLLOWS:

    1.  Plaintiff, a prisoner at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI – Fort Dix"), filed this lawsuit against the United States, the Bureau of Prisons ("BOP"), and Officer Yeoman, a correctional officer at FCI – Fort Dix.  Plaintiff asserted a Federal Tort Claims Act ("FTCA") claim against the United States based on the prison's alleged confiscation of his books and gym bag, a First Amendment claim against the BOP based on the alleged confiscation of his books, and a due process claim against Defendant Yeoman alleging that Defendant Yeoman violated Plaintiff's constitutional right to due process by taking his gym bag without providing him with a confiscation form.

2. Defendants moved for dismissal and/or summary judgment as to all of Plaintiff's claims, and in its February 27, 2008 Opinion and Order [Docket Items 22 and 23], the Court granted Defendants' motion.  The Court held, pursuant to the Supreme Court's recently issued decision in Ali v. Federal Bureau of Prisons, --- U.S. ----, 128 S. Ct. 831 (2008), that Plaintiff's FTCA claims were barred by the FTCA's exception for "claim[s] arising . . . [from] the detention of any . . . property by any . . . law enforcement officer."  28 U.S.C. § 2680(c).  In addition, the Court entered summary judgment as to Plaintiff's constitutional claim for money damages against the BOP, explaining that a "prisoner may not bring a Bivens claim against [a correctional] officer's employer, the United States, or the BOP."  Correctional Services Corp. v. Malesko, 534 U.S. 61, 72 (2001).  Finally, the Court dismissed Plaintiff's claim against Defendant Yeoman without prejudice because Plaintiff failed to properly exhaust administrative remedies as to that claim in accordance with the Prison Litigation Reform Act.

3. Approximately four months after the Court issued its Opinion, Plaintiff filed the motion for relief pursuant to Rule 60(b)(2) and (6), Fed. R. Civ. P. [Docket Item 29], presently under consideration.  Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six specified reasons, including "newly

discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2), and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

    4. The Court will deny Plaintiff's motion.[1]  Although he recites boilerplate language concerning the standard under which Rule 60(b)'s "newly discovered evidence" criterion is judged, Plaintiff does not identify any evidence (newly discovered or otherwise) in support of his claim for relief under Rule 60(b)(2).  In view of the fact that "[t]he movant under Rule

---

[1] Initially, the Court addresses whether Rule 60(b) is applicable to the dismissal of Plaintiff's claim against Defendant Yeoman, which was without prejudice.  It is well-established that "by its terms, Rule 60(b) applies only to final judgments [and orders]."  Mallory v. Eyrich, 922 F.2d 1273, 1277 (6th Cir. 1991).  As the Court of Appeals has recognized, an order dismissing a claim without prejudice ordinarily does not constitute a final order.  Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002).  If, however, "the plaintiff no longer can amend the complaint because . . . the statute of limitations has run," then the dismissal is considered a final order.  Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J., 907 F.2d 1408, 1416 (3d Cir. 1990); see also Ahmed, 297 F.3d at 207.  Plaintiff's due process claim against Defendant Yeoman centers on events that transpired on May 16, 2006.  (Compl. ¶ 18.)  The statute of limitations on section 1983 claims in New Jersey is provided by "N.J.S.A. 2A: 14-2, which provides that an action for injury to the person caused by wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006) (internal quotations and citations omitted).  Because Plaintiff would be time-barred from refiling a complaint in this action based upon the May 16, 2006 confiscation of his gym bag, the Court agrees with Plaintiff that its Order of dismissal now constitutes a final order, Newark Branch, N.A.A.C.P., 907 F.2d at 1416, to which Rule 60(b) applies.  Mallory, 922 F.2d at 1277.

[60(b)(2)] bears a heavy burden, which requires more than a showing of the potential significance of the new evidence," <u>Bohus v. Beloff</u>, 950 F.2d 919, 930 (3d Cir. 1991) (internal quotations and citations omitted), Plaintiff's allusion to "newly discovered evidence" without specifying the evidence in question or its significance is plainly insufficient to justify the relief he seeks.[2]

    5. Plaintiff likewise articulates no "reason that justifies relief" under Rule 60(b)(6)'s catchall provision. The Court of Appeals has explained that "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." <u>Coltec Industries, Inc. v. Hobgood</u>, 280 F.3d 262, 273 (3d Cir. 2002) (citation omitted). Plaintiff refers offhandedly to Rule 60(b)(6) but does not identify any basis to suggest that such exceptional circumstances are present here. The Court finds nothing to indicate that Rule 60(b)(6)'s "extraordinary relief" is called for in this case, <u>id.</u>, and will thus deny Plaintiff's motion.

    6. For the reasons discussed above, Plaintiff's motion for

---

[2] The Court further notes that its February 27, 2008 Opinion and Order turned exclusively on matters of law, not evidence. That is, the Court cannot conceive of any evidence that would remedy either the jurisdictional defects in the claims Plaintiff asserted against the United States and the BOP, or the failure to exhaust administrative remedies which resulted in the dismissal of his claim against Defendant Yeoman.

relief from the Court's February 27, 2008 Order pursuant to Rule 60(b)(2) and (6) will be denied.  The accompanying Order will be entered.


 **December 24, 2008**            **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  United States District Judge