```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FELIX ORIAKHI, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-264 (JBS/AMD) |
| v. | |
| BUREAU OF PRISONS, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Plaintiff's motion [Docket Item 36] for leave to file an untimely motion for reconsideration of the Court's February 27, 2008 entry of summary judgment, as well as the motion for consideration itself [Docket Item 37]. THIS COURT FINDS AS FOLLOWS:

1. Plaintiff Felix Oriakhi, proceeding pro se, is a prisoner at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI – Fort Dix"). He filed this action pursuant to 28 U.S.C. §§ 1331 and 2672, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq., and the United States Constitution relating to Defendants' alleged confiscation of his book and gym bag.

2. With regard to the alleged confiscation of Plaintiff's book, Plaintiff alleges that on November 14, 2005, he placed an order for two books to be delivered to Plaintiff at FCI – Fort Dix. (Compl. ¶ 6.) These two books were entitled Create Your

Own Erotic Fantasy and Good Orgasm Guide. (Id.) While the first of these books was delivered to Plaintiff at the prison's mail call on January 5, 2006, Plaintiff never received the second book, (id. at ¶ 7); Plaintiff was informed that the second book had been returned to the publisher because it "is sexually explicit or features nudity." (Id. at ¶ 12.) Plaintiff filed an FTCA administrative tort claim form and an "Inmate Request to Staff" in response to the confiscation of his book, but Plaintiff's FTCA claim and request form were denied. (Id. at ¶ 17.)

    3. Plaintiff also alleges that on May 16, 2006, Correctional Officer Yeoman confiscated his athletic bag without providing Plaintiff with a "confiscation form" explaining the reasons for the confiscation. (Id. at ¶¶ 18, 20.) Plaintiff filed an FTCA administrative tort claim form in response to the confiscation of his gym bag, and on August 25, 2006 – the same day he received a response on his claim concerning the confiscated book – he was informed by the Northern Regional Office of the BOP that his FTCA claim had been denied. (Pl.'s Opp'n Br. Ex. 2.) Although Plaintiff appealed the denial of his claim concerning the interception of his book to the BOP's General Counsel, Plaintiff did not appeal the decision denying his gym bag confiscation claim to the General Counsel's office.

    4. Plaintiff commenced this action on January 17, 2007

[Docket Item 1], asserting four claims: (1) an FTCA claim relating to the alleged confiscation of Plaintiff's book; (2) an FTCA claim relating to the alleged confiscation of Plaintiff's gym bag; (3) a claim that the BOP violated Plaintiff's First Amendment rights by intercepting his book; and (4) a claim that Defendant Yeoman violated Plaintiff's constitutional right to due process by taking Plaintiff's gym bag without providing Plaintiff with a confiscation form.

5. Defendants thereafter filed a motion for summary judgment [Docket Item 15], which this Court granted in its February 27, 2008 Opinion and Order [Docket Items 22 and 23]. With regard to Plaintiff's FTCA claims, the Court explained:

> Although "[t]he FTCA . . . waives the government's sovereign immunity with respect to tort claims against the United States for money damages," Fisher Bros. Sales, Inc. v. United States, 46 F.3d 279, 284 (3d Cir. 1995), this waiver is subject to certain exceptions. See 28 U.S.C. §§ 2680(a)-(n) . . . [O]ne such exception, the "detention of goods" exception found at subsection (c), is applicable in this case. That subsection provides in relevant part that § 1346(b) does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . ." § 2680(c) . . . . [As the Supreme Court made clear in Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008),] the FTCA does not waive the United States' sovereign immunity with respect to [claims such as] Plaintiff's tort claims based on the prison officers' allegedly unlawful detention of his book and gym bag.

(Docket Item 22 at 7-8.) The Court thus granted Defendants' motion for summary judgment as to Plaintiff's FTCA claims.

6. As to Plaintiff's remaining claims, the Court determined, first, that Plaintiff's <u>Bivens</u> claim against the BOP was unsustainable, because a "prisoner may not bring a <u>Bivens</u> claim against [a correctional] officer's employer, the United States, or the BOP." <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001). As for Plaintiff's remaining claim against Defendant Yeoman for allegedly violating his due process rights when confiscating his gym bag, the Court dismissed the claim on account of the fact that Plaintiff failed to exhaust all available administrative remedies with respect to the gym bag incident, as the Prison Litigation Reform Act ("PLRA") requires of all inmates' suits pertaining to prison conditions, 42 U.S.C. § 1997e(a).

7. Four months after the entry of the February 27, 2008 Opinion and Order, Plaintiff filed a motion for relief from that Order pursuant to Rule 60(b), Fed. R. Civ. P [Docket Item 29]. The Court denied Plaintiff's motion, explaining:

> Although he recites boilerplate language concerning the standard under which Rule 60(b)'s "newly discovered evidence" criterion is judged, Plaintiff does not identify <u>any</u> evidence (newly discovered or otherwise) in support of his claim for relief under Rule 60(b)(2) . . . .
>
> Plaintiff likewise articulates no "reason that justifies relief" under Rule 60(b)(6)'s catchall provision. The Court of Appeals has explained that "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." <u>Coltec Industries, Inc. v. Hobgood</u>, 280 F.3d 262, 273 (3d Cir.

4

>     2002) (citation omitted).  Plaintiff refers offhandedly
>     to Rule 60(b)(6) but does not identify any basis to
>     suggest that such exceptional circumstances are present
>     here.  The Court finds nothing to indicate that Rule
>     60(b)(6)'s "extraordinary relief" is called for in this
>     case, id., and will thus deny Plaintiff's motion.

(Docket Item 34 at 3-4.)

    8.  Following the Court's denial of his Rule 60(b) motion, and nearly a year after summary judgment had been entered in Defendants' favor, Plaintiff filed a motion [Docket Item 36] for leave to file an untimely motion for reconsideration, and filed the untimely reconsideration motion itself [Docket Item 37].  Although Plaintiff characterizes these motions as targeting the "judgment entered in this court on December 24, 2008," (Docket Item 36 at 1), Plaintiff does not identify any error in the Court's December 24, 2008 denial of his Rule 60(b) motion; rather, he seeks reconsideration of the Court's February 27, 2008 Opinion and Order granting Defendants' motion for summary judgment.

    9.  The Court will deny Plaintiff's motions.  First, Plaintiff's motion for reconsideration of the summary judgment Order is extremely untimely.  While Plaintiff attempts to bootstrap his latest filings to the Court's more recent denial of his Rule 60(b) motion, the entirety of his reconsideration motion, as the Court noted, supra, is directed to whether summary judgment should have been entered, a matter decided nearly a year before Plaintiff filed the instant motions.  Whether Plaintiff's

5

motion is characterized as one seeking to alter the judgment pursuant to Rule 59(e), Fed. R. Civ. P., or a motion for reconsideration pursuant to Rule 7.1(i), L. Civ. R., such motions must be filed within ten days of the entry of the order in question.  See Fed. R. Civ. P. 59(e); L. Civ. R. 7.1(i). Plaintiff's motions were filed nearly a year after the Order in question was entered.

    10.  An untimely filed motion for reconsideration "may be denied for that reason alone."  Morris v. Siemens Components, Inc., 938 F. Supp. 277, 278 (D.N.J. 1996); see also Antoine v. Rucker, No. 03-3738, 2007 WL 789068, at *1 (D.N.J. Mar. 12, 2007).  While this time limitation has on occasion been relaxed for good cause in the case of pro se litigants, the untimeliness here is not excusable.  Although Plaintiff makes much of the fact that he did not timely receive a copy of the Court's December 24, 2008 Opinion and Order denying his Rule 60(b) motion, he certainly was aware of the summary judgment Order (which is, as noted, the actual target of his reconsideration motion) no later than June 25, 2008, when he filed the Rule 60(b) motion addressing that Order.  Plaintiff's motion for reconsideration is, in short, inexcusably untimely, and will be denied for that reason.  See Morris, 938 F. Supp. at 278.

    11.  Even if the Court were to consider Plaintiff's motion on the merits, reconsideration would not be warranted.  To

prevail on a motion for reconsideration, the movant must set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  See L. Civ. R. 7.1(i).  Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); see also Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  To show that reconsideration is in order, the movant must show either

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Under the third prong, the movant must establish that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

    12.  Plaintiff has identified no such matters that he believes the Court failed to consider.  Instead, Plaintiff's

motion sets forth new theories, not raised at any point before summary judgment was entered, as to how he could have prevailed had he litigated this case differently.  In particular, Plaintiff raises for the first time in his reconsideration motion his belief that he could have prevailed against the United States if he had brought a claim pursuant to the Tucker Act, 28 U.S.C. § 1346, and he likewise seeks to assert a never-pleaded Bivens claim against a John Doe defendant who was responsible for the confiscation of his book; Plaintiff does not know the identity of the officer who, more than three years ago, allegedly confiscated the book.  Plaintiff's new Tucker Act claim and Bivens claim against the unidentified officer were not "brought to the court's attention but not considered."  P. Schoenfeld, 161 F. Supp. 2d at 353.  To the contrary, these new matters were never pleaded, never raised prior to the entry of summary judgment, and cannot be raised for the first time in a motion for reconsideration.[1]

---

[1] The Court further notes that the claim Plaintiff seeks to assert against the unidentified officer who allegedly confiscated his book is barred by the statute of limitations.  The alleged confiscation took place in January 2006.  (Compl. ¶ 7.)  The statute of limitations on the claim Plaintiff seeks to assert is two years, Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989), meaning that the claim would be untimely if asserted in a new action.  Nor could the claim relate back to the date of Plaintiff's original pleading herein:

> As it pertains to a plaintiff's amending a complaint so as to add new parties, Rule 15(c)[, Fed. R. Civ. P.] is [] predicated on several essential conditions: (1) the claim asserted in the amended pleadings must arise out of the same events recited in the original complaint; (2)

Id.  Finding no factual or legal error in its Opinion and Order granting Defendants' motion for summary judgment, the Court will deny Plaintiff's motion for reconsideration and his motion for leave to file an untimely motion.  The accompanying Order is entered.

**June 29, 2009**            **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             United States District Judge

---

the misidentification of a party by mistake in the original complaint; (3) notice to the new party, ordinarily within 120 days of the filing of the original complaint, about the commencement of the litigation; (4) by reason of such notice, no prejudice is caused to the new party in defending the action, and (5) the existence of actual or constructive knowledge on the part of the new party that the original action should have named him when filed.  See Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996).

Young-Flynn v. Kelly, 234 F.R.D. 70, 74 (S.D.N.Y. 2006).  Plaintiff did not "misidentif[y]" the unidentified officer in the Complaint, and the unnamed officer could not have known that "the original action should have named him when filed."  Id.  The untimeliness of Plaintiff's new proposed Bivens claim provides yet another basis for the denial of reconsideration herein.

9