IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FELIX ORIAKHI, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-264 (JBS/AMD) |
| v. |  |
| BUREAU OF PRISONS, et al., | **MEMORANDUM OPINION** |
| Defendants. |  |

**SIMANDLE**, District Judge:

This matter is before the Court upon Plaintiff's motion to reopen this case [Docket Item 40]. THIS COURT FINDS AS FOLLOWS:

1. Since this Court granted summary judgment to Defendants on February 27, 2008, Plaintiff, a pro se prisoner, has repeatedly sought to reopen this case so he may pursue new legal theories. The Court summarized the case and its history in its last opinion and order:

> [Plaintiff] filed this action pursuant to 28 U.S.C. §§ 1331 and 2672, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq., and the United States Constitution relating to Defendants' alleged confiscation of his book and gym bag. . . . Defendants thereafter filed a motion for summary judgment [Docket Item 15], which this Court granted in its February 27, 2008 Opinion and Order [Docket Items 22 and 23]. . . . Four months after the entry of the February 27, 2008 Opinion and Order, Plaintiff filed a motion for relief from that Order pursuant to Rule 60(b), Fed. R. Civ. P [Docket Item 29]. The Court denied Plaintiff's motion. . . . Following the Court's denial of his Rule 60(b) motion, and nearly a year after summary judgment had been entered in Defendants' favor, Plaintiff filed a motion [Docket Item 36] for leave to file an untimely motion for reconsideration, and filed the untimely reconsideration motion itself [Docket Item 37].

[Docket Item 38.]  The Court denied leave to file the motion for reconsideration because, in addition to being untimely, it was without merit.  [Id.]  The Court found:

> Plaintiff's motion sets forth new theories, not raised at any point before summary judgment was entered, as to how he could have prevailed had he litigated this case differently. . . . these new matters were never pleaded, never raised prior to the entry of summary judgment, and cannot be raised for the first time in a motion for reconsideration.

[Id. at 7-8.]

2.  Plaintiff now moves without reference to any particular provision of law to reopen the case and assert new legal theories.  Plaintiff asserts that this Court could issue a writ of mandamus to Defendants to convey to Plaintiff the property at issue in this case.  See 28 U.S.C. § 1361.  This is not grounds for reopening this case.  Plaintiff simply seeks leave to re-litigate the case according to a new legal theory long after the matter was adjudicated.  There is no available rule that would permit reopening the case under these circumstances, no matter how this motion is construed.  If it is not otherwise barred by law (such as being beyond the statute of limitations), Plaintiff may file a new complaint in a new docket, but this case is closed.  The motion will therefore be denied.  The accompanying Order shall be entered.

| | |
|---|---|
| **January 19, 2010** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | United States District Judge |