```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FELIX ORIAKHI, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-264 (JBS/AMD) |
| v. | |
| BUREAU OF PRISONS, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE,** Chief Judge:

This matter is before the court on pro se Plaintiff Felix Oriakhi's motion to reopen his case. [Docket Item 48.] Plaintiff asks the court to reopen his case and set aside the dismissal order filed February 27, 2008. [Docket Item 22.] For the reasons stated below, the Court will deny Plaintiff's motion to reopen his case as the requirements of Rule 60 have not been satisfied. THE COURT FINDS AS FOLLOWS:

1. Plaintiff Felix Oriakhi ("Plaintiff") filed the instant action on January 17, 2007 against Defendants Bureau of Prisons, Correctional Officer Youman and the United States ("Defendants") seeking the return of his property which was seized by prison officials. [Docket Item 1.] This action was brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et seq., and the United States Constitution, and arose out of the Defendants' alleged confiscation of Plaintiff's book and gym bag in 2006. [Docket Item 1.]

2.  The court granted Defendants' motion for summary judgment and dismissed Plaintiff's action on February 27, 2008. [Docket Item 22.]  In its opinion, the court explained that Plaintiff was bringing essentially four claims against the Defendants: (1) an FTCA claim relating to the alleged confiscation of Plaintiff's book; (2) an FTCA claim relating to the alleged confiscation of Plaintiff's gym bag; (3) a claim for damages against the BOP for violating Plaintiff's First Amendment rights by intercepting his book; and (4) a claim that Defendant Yeoman violated Plaintiff's constitutional right to due process by taking Plaintiff's gym bag without providing Plaintiff with a confiscation form.

3.  The court dismissed Plaintiff's FTCA claims in light of the Supreme Court's decision in <u>Ali v. Federal Bureau of Prisons</u>, 552 U.S. 214 (2008), which held § 28 U.S.C. 2680(c) exempts claims against prison officers for the detention of inmates' property from the FTCA's waiver of sovereign immunity. Consequently, the court held the FTCA did not waive sovereign immunity with respect to Plaintiff's tort claims arising out of the prison officers' alleged confiscation of his book and gym bag.  Therefore, the court dismissed Plaintiff's FTCA claims for lack of subject matter jurisdiction.  [Docket Item 22 at 6-9.]

4.  With regard to Plaintiff's remaining claims, the court held that it lacked jurisdiction over Plaintiff's First Amendment

claim against the Bureau of Prisons ("BOP") and Officer Yeoman in his official capacity.[1] Id. at 9. The court held that the BOP and Officer Yeoman were protected by the doctrine of sovereign immunity from suits for damages based on alleged constitutional violations. Therefore, the court found it lacked jurisdiction over Plaintiff's claims for money damages against these defendants for alleged violations of the First Amendment and granted summary judgment. Id. at 10.

5. Finally, Plaintiff asserted a due process claim against Officer Yeoman in his individual capacity. The court found that this claim was subject to the Prison Litigation Reform Act's administrative exhaustion requirement[2] and it was undisputed that Plaintiff had not exhausted his administrative remedies with regard to this claim. Id. at 13-14. Therefore, the court entered summary judgment against the Plaintiff without prejudice to Plaintiff's right to file a new complaint once he exhausted his available administrative remedies. Id. at 15. As this was

---

[1] The Plaintiff did not bring an individual capacity claim against Officer Yeoman for violating his First Amendment rights and did not assert that Officer Yeoman had any personal involvement with the confiscation of his book. Rather, the book was intercepted by the prison's mail room and held by the legal department.

[2] See 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

the only remaining claim, the court entered an order dismissing Plaintiff's action in its entirety. [Docket Item 23.]

6. After the dismissal of his case, the Plaintiff filed numerous motions seeking to reopen the matter and amend the judgment. First, Plaintiff filed a motion seeking to reopen his case pursuant to Rule 60(b)(2) and (6), Fed. R. Civ. P., on June 25, 2008. [Docket Item 29.] The court denied Plaintiff's motion because he failed to present new evidence or demonstrate exceptional circumstances in order to meet his burden under Rule 60. [Docket Item 34.]

7. The Plaintiff then filed a motion pursuant to Rule 59(e) seeking to alter or amend judgment on June 29, 2009. [Docket Item 37.] This court denied his motion first because it was extremely untimely and second because it lacked merit. The Plaintiff did not identify any legal or factual matters which he believed the court overlooked or failed to consider. Instead, the Plaintiff argued that he could have prevailed if he litigated his case differently and pursued other legal theories. Since none of the Plaintiff's new legal claims were ever plead in the underlying action and were raised for the first time in a motion for reconsideration, the court denied Plaintiff's request to alter or amend the judgment. [Docket Items 38 and 39.]

8. The Plaintiff then filed a second motion to reopen his case on August 14, 2009. [Docket Item 40.] At this point, the

case had been closed for over a year.  In this motion to reopen, the Plaintiff argued the court could issue a writ of mandamus to compel the Defendants to return his allegedly confiscated property.  The court denied Plaintiff's motion to reopen and held: "This is not grounds for reopening this case.  Plaintiff simply seeks leave to re-litigate the case according to a new legal theory long after the matter was adjudicated."  [Docket Item 41 at 2.]  The court held that this type of argument could not support a motion to reopen and instructed the Plaintiff to file a new complaint on the docket to assert these new legal theories, if these claims would not otherwise be barred.  Id.

    9.  The Plaintiff then appealed the court's denial of his motion to reopen to the Third Circuit.  [Docket Item 43.]  This appeal was summarily dismissed for failure to timely prosecute.  [Docket Item 47.]

    10.  The Plaintiff now files his third motion to reopen his case and his fourth post-judgment motion seeking to relitigate this matter.  [Docket Item 48.]  This motion was filed on September 10, 2012, over four years after the court granted the Defendants' motion for summary judgment, and two years after the Third Circuit dismissed Plaintiff's appeal.  This motion to reopen suffers from the same deficiencies as Plaintiff's previous attempts to relitigate this matter and will be denied.

    11.  In the instant motion, the Plaintiff does not cite to a

specific rule or authority in support of his motion to reopen. Instead, Plaintiff simply states he "is now seeking relief under the APA solely" and that the "prison officials actions of confiscating and destroying prisoners property items [sic] without adequate compensation is reckless and capricious under the Administrative Procedure Act (APA) 5 USC §706(2)(A), and that it deprives plaintiff and other similarly situated prisoners of their property without due process of law in violation of the Fifth Amendment." (Pl.'s Mot. to Reopen at 2.)

12. Like his prior motions to reopen, Plaintiff seeks to relitigate this matter based on new legal theories. As explained in the court's previous opinions, this is insufficient to support a motion to reopen and Plaintiff cites no authority to the contrary.

13. Fed. R. Civ. P. 60 governs motions for relief from a judgment or order and applies to the instant motion before the court. Rule 60(b)(6) applies to Plaintiff's motion to reopen since the Plaintiff fails to allege a clerical mistake with the order, a mistake by the court in issuing the judgment, newly discovered evidence, fraud or that the judgment is void or has been satisfied. Accordingly, Rule 60(b)(6), the catchall provision, governs Plaintiff's motion.

14. Analyzing Plaintiff's claims under Rule 60(b)(6), Plaintiff's motion must be denied. Although the text of Rule

60(b)(6) states that a court may grant relief from a final judgment for "any other reason that justifies relief," the courts have added a requirement that the party seeking relief must demonstrate the existence of "extraordinary circumstances" which justify the use of the Rule 60(b)(6) catch-all provision to vacate the judgment. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Extraordinary circumstances "rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Id. at 255. The belated desire to pursue alternative legal theories that were available and squarely implicated when the original motion was decided does not constitute extraordinary circumstances sufficient to invoke Rule 60(b)(6). Rastelli Bros., Inc. v. Netherlands Ins. Co., 68 F. Supp. 2d 451, 454 (D.N.J. 1999). Such an outcome "would turn the presumption of finality of judgments on its head." Id. (citing Polites v. United States, 364 U.S. 426 (1960); Marshall v. Board of Education of Bergenfield, New Jersey, 575 F.3d 417 (3d Cir. 1978); and Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908 (3d Cir. 1977)).

    15.  The Plaintiff provides nothing to support his motion to reopen except the argument that he now wishes to pursue another legal theory to support his claim. This alone is insufficient under Rule 60(b)(6). Further, Plaintiff's motion is his fourth attempt to set aside the court's order of dismissal and is filed

7

more than four years after his case was closed.  Given the extreme untimeliness of Plaintiff's motion and its complete lack of merit, the court will deny Plaintiff's motion to reopen his case.  The accompanying Order will be entered.

**October 16, 2012**               **s/ Jerome B. Simandle**
Date               JEROME B. SIMANDLE
               Chief U.S. District Judge